**ALAMO RENT–A–CAR, INC.,**
**Plaintiff–Appellant,**

v.

**CITY OF PALM SPRINGS,**
**Defendant–Appellee.**

**No. 89–55862.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 4, 1990.

Decided Aug. 15, 1991.

Shirley M. Hufstedler, Hufstedler, Kaus & Beardsley, Los Angeles, Cal., for plaintiff-appellant.

Glen Tucker, Clausen & Campbell, Los Angeles, Cal., for defendant-appellee.

Before NORRIS, HALL and THOMPSON, Circuit Judges.

PER CURIAM:

Alamo Rent–A–Car appeals the district court's decision, after a trial on stipulated facts, that the airport access fee schedule enacted for the Palm Springs Regional Airport does not violate the Commerce Clause. We affirm.

Alamo is assessed the contested access fee for using the airport access roads to pick up and drop off airline passengers who rent its cars. The access fee charged is seven percent of the gross receipts Alamo generates from customers picked up at the airport. The fee schedule was patterned after a similar schedule enacted by the Sarasota–Manatee Florida Airport Authority, which the Eleventh Circuit upheld against a very similar Commerce Clause challenge brought by Alamo. *See Alamo Rent–A–Car v. Sarasota–Manatee Airport Authority*, 906 F.2d 516 (11th Cir. 1990), *cert. denied*, —— U.S. ——, 111 S.Ct. 1073, 112 L.Ed.2d 1179 (1991). We agree with the reasoning of the Eleventh Circuit and hold that the Palm Springs user fee, like the Sarasota–Manatee user fee, does not violate the Commerce Clause.

Like the Sarasota–Manatee user fee upheld by the Eleventh Circuit, the Palm Springs user fee easily satisfies the test established by *Evansville–Vanderburgh Airport Authority Dist. v. Delta Airlines*,

405 U.S. 707, 714–17, 92 S.Ct. 1349, 1354–56, 31 L.Ed.2d 620 (1972): First, it does not discriminate against interstate commerce, but applies to inter- and intrastate passengers equally. Second, it approximately reflects the use Alamo makes of the access roads. The fact that a percentage of Alamo's gross receipts from airport customers does not measure road use with complete precision does not render the schedule unconstitutional. We agree with the Eleventh Circuit's analysis that calculating use by a percentage of gross receipts is a fair approximation. *See Sarasota–Manatee Airport Authority*, 906 F.2d at 520.

Finally, the fee is not excessive in comparison to the governmental benefits conferred. Alamo's calculation of the costs of airport "security, maintenance, and overhead" do not include debt service. The *Evansville* Court explicitly found debt service to be a cost which a user fee could attempt to defray. 405 U.S. at 719–20, 92 S.Ct. at 1356–57. Since Alamo has offered no proof that the 7% figure is excessive when this cost is considered, we hold that the fee passes muster under the Commerce Clause.

AFFIRMED.